James R. Flanagan (james@executivelaw.com)
Sklover & Donath, LLP
10 Rockefeller Plaza, Suite 816
New York, New York 10020
(212) 557-5000
*Attorneys For Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

MICHAEL ISAACS,                                                                    ECF Case

                Plaintiff,

                                                               Case No.: 13 CV 0548 (JGK)(HP)

      -against-

OCE BUSINESS SERVICES, INC.,

                Defendant.

------------------------------------------------------------ X

**MEMORANDUM OF LAW OF PLAINTIFF IN OPPOSITION**
**<u>TO THE DEFENDANT'S MOTION TO COMPEL ARBITRATION</u>**

**TABLE OF CONTENTS**

INTRODUCTION AND STATEMENT OF RELEVANT FACTS……………….1

ARGUMENT………………………………………2

    I.    THE THRESHOLD INQUIRY IS WHETHER
         THE PARTIES AGREED TO ARBITRATE…………………..2

    II.    THE DEFENDANT'S EMPLOYEE HANDBOOK
         IS NOT AN ENFORCEABLE CONTRACT BECAUSE
         BOTH SIDES ARE NOT BOUND BY ITS TERMS………….3

    III.    CONCLUSION……………………………..…5

## INTRODUCTION AND STATEMENT OF RELEVANT FACTS

The plaintiff, Michael Isaacs, a former employee of defendant OCE Business Services, Inc., ("OBS") brought this action to recover unpaid overtime wages and liquidated damages which he did not receive in violation of the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq*. (the "FLSA") and the New York Labor Law, Section 650, *et seq*. ("NYLL"). The plaintiff was misclassified as an exempt employee and was thus denied significant overtime wages to which he was and is entitled. The defendant OBS has filed a motion to compel arbitration and stay or dismiss the case, under the Federal Arbitration Act, 9 U.S.C. Section 1, *et seq* However, there was no valid agreement to arbitrate in this case, since the defendant was not bound by the policies set forth in its Employee Handbook, and accordingly, there was no mutuality of obligations and no enforceable contract. Since there was no agreement to arbitrate in the first place the pending motion should be denied and this case should proceed forward.

I.  **THE THRESHOLD INQUIRY IS WHETHER THE PARTIES AGREED TO ARBITRATE**

While citing the Second Circuit Court of Appeals in <u>Genesco, Inc. v. T. Kakiuchi & Co</u>., 815 F.2d 840, 844 (2d Cir. 1987) in considering the factors which must be addressed to determine whether to stay or dismiss a case pending arbitration, this Court has previously stated that **"First, [the Court] must determine whether the parties agreed to arbitrate**." <u>Martin v. SCI</u>, 296 F. Supp.2d 462 9 (S.D.N.Y 2003) (emphasis added).   Though arbitration was compelled in that case once a valid agreement was found, the importance of that initial inquiry was highlighted by the Court.

Courts will apply generally accepted principles of contract law to determine whether the parties have agreed to arbitrate.  <u>Brennan v. Bally Total Fitness</u>, 198 F. Supp.2d 377, 384 (S.D.N.Y. 2002), citing <u>Genesco</u>, supra, at 845 and <u>Thomson–CSF S.A. v. American Arbitration Association, 64 F. 3d 773 (2d Cir. 1995)</u>.  In this case, generally accepted principles of contract law mandate that no binding agreement can be found, due to the lack of mutual obligations and the illusory nature of one party's duties.

It is noteworthy that the movant's entire argument is premised on the assumption that the plaintiff and the defendant are parties to a binding arbitration agreement – that they did actually agree to arbitrate claims and disputes in a legally enforceable contract.   However, if the defendant cannot meet its burden on that crucial initial inquiry – whether there is a valid, enforceable agreement to arbitrate – then the

inquiry stops there, the motion must be denied and the case should proceed forward. Under the circumstances of this case the movant cannot meet that initial burden.

II.   **THE DEFENDANT'S EMPLOYEE HANDBOOK IS NOT A BINDING CONTRACT BECAUSE BOTH SIDES ARE NOT BOUND BY ITS TERMS**

A case directly on point was decided by the U.S. District Court for the Northern District of Ohio. As with this case, the plaintiff brought a case arising out of her employment with the defendant, and the defendant sought to stay the action pending arbitration. More specifically, just as the defendant alleges here, the defendant in the Ohio case claimed that arbitration of plaintiff's claims was required by the Federal Arbitration Act, 9 U.S.C. Section 1, *et seq*., because of an arbitration clause contained in the defendant's employee handbook.

Trumbull v. Century Marketing Corp., 12 F. Supp. 2d 683 (N.D. Ohio 1998) presents facts remarkably similar to the case at bar. In denying the defendant's motion to compel arbitration, the court noted that Ohio law was split over whether employee handbooks could be construed as binding contracts. The court then unequivocally held as follows:

> "… **the handbook here is not an enforceable contract because both parties are not bound to its terms."**
> (Emphasis added).

Incredibly, the decision in Trumbull was based on nearly identical language as that present in this case, also found in the same "Introduction" section of the employee handbook. In the Trumbull case the Court for the Northern District of Ohio wrote:

> ... there is no binding contract because of the unilateral nature of the handbook's terms. The introduction to the handbook states "the company may modify, augment, delete, or revoke any and all policies, procedures, practices, and statements contained in this handbook *at any time*, *without notice*." (Emphasis added).

In the case at bar, very similarly, the introduction to the handbook states as follows:

> "OBS ("the company") has the right, with or *without notice*, to change any of its guidelines, policies, practices, working conditions or benefits *at any time*." (Exhibit "B"). (Emphasis added).

The Trumbull Court continued by stating that a contract simply could not be found under these circumstances:

> "To give effect to this language and hold that a valid contract exists would be to create a contract where only one party is bound. The plaintiff would be bound by all the terms of the handbook while the defendant could simply revoke any term (including the arbitration clause) whenever it desired." (12 F. Supp.2d at 685).

That is precisely the case, and precisely the problem, with this case presently at bar. The origins of the purported agreement, and the flaws which render it unenforceable, are identical.

Citing Thomas G. Snavely Co. v. Brown Construction Co., 16 Ohio Misc. 50, 55-56, 239 N.E. 2d 759, 762 (1968) the Trumbull Court stated:

> "Without mutuality of obligation, a contract cannot be enforced."

In this case, the requisite mutuality of obligation is also missing, since the defendant is not bound by the terms of its employee handbook, though they claim the plaintiff is so bound.

Finally, the Northern District of Ohio Court in <u>Trumbull</u> declared that under those circumstances, nearly identical to the case at bar, "... the arbitration clause is not enforceable

because it is merely a term of an invalid contract" and they also decided that the plaintiff's signature on an acknowledgement of receipt of the handbook "does nothing to make the handbook an enforceable contract."

The Southern District of New York reached a similar conclusion as the Trumbull court in a case in which an arbitration agreement was also found unenforceable due to infirmities with the contract, rendering the entire agreement unenforceable. In <u>Brennan v. Bally Total Fitness</u>, *supra*, the contract was found to be void for unconscionability rather than a lack of mutual obligation or consideration, with the same result. In this regard, see also <u>Hooters of America v. Phillips,</u> 173 F.3d 933 (1991); and <u>Perez v. Hospitality Ventures-Denver LLC</u>, 245 F.Supp.2d 1172 (2003).

## **CONCLUSION**

This is a case in which the parties did not agree to arbitrate because there is no legally enforceable arbitration agreement. The defendant's unilateral reservation of an absolute right to change its Dispute Resolution Policy – without consent and without even any notice to its employees – is completely inconsistent with a binding agreement between two parties. The defendant employer is not bound by the agreement, by its express terms. Accordingly, the plaintiff employee is not bound by it either. Since there is no valid arbitration agreement, the motion should be denied, and the case should proceed.

Based on the foregoing the plaintiff, Michael Isaacs, respectfully requests that the defendant's motion to compel arbitration and stay or dismiss the action be denied in its entirety, and that the Court grant such other relief as may be deemed just and proper under the circumstances.

Dated: New York, New York
      May 3, 2013

                                          /s/ James R. Flanagan
                                        JAMES R. FLANAGAN

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and complete copy of the foregoing Memorandum of Law was served via the Court's ECF System to the persons listed below, on the 3rd day of March 2013.

    David W. Garland, Esq.
    Jason Kaufman, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177-0077
Counsel For Defendant

  /s/  James R. Flanagan
      James R. Flanagan